1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD WIMBERLY,

11            Plaintiff,                    Civ. No. S-07-2312 JAM KJM P

12       vs.

13   ARNOLD SCHWARZENEGGER, et al.

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed May 30, 2008, plaintiff's amended complaint

18   was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second

19   amended complaint.

20            As previously noted, the court is required to screen complaints brought by

21   prisoners seeking relief against a governmental entity or officer or employee of a governmental

22   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

23   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

24   which relief may be granted, or that seek monetary relief from a defendant who is immune from

25   such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2    fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3    28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.

5    Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6    inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

7    639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A complaint, or portion thereof, should

8    only be dismissed for failure to state a claim upon which relief may be granted if it appears

9    beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would

10   entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  (1969).

11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

12   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

14   Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must

15   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16   factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

17   "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

18   notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551

19   U.S. 89, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

20   accept as true the allegations of the complaint, id., and construe the pleading in the light most

21   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

22   Plaintiff alleges that he is being housed in a facility which has converted the areas

23   formerly used for recreation into a room for bunks and which houses two people in a cell

24   designed for a single man, but which has not added sufficient toilet facilities for the additional

25   population.  He alleges that the over-crowding "hinders [his] mental, physical, and emotional

26   well-being and does put [his] life at . . . greater risk than previously."  Amended Complaint at 3.

2

1          In <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348 (1981), the Supreme Court held that

2    double-celling by itself did not constitute cruel and unusual punishment; in the case before it, the

3    overcrowding in the prison had not led to "deprivations of essential food, medical care or

4    sanitation" and did not "increase violence among inmates or create other conditions intolerable

5    for prison confinement."   These conclusions were echoed in <u>Wilson v. Seiter</u>, where the Court

6    found that

> *Some* conditions of confinement may establish an Eighth
> Amendment violation "in combination" when each would not do
> so alone, but only when they have a mutually enforcing effect that
> produces the deprivation of a single, identifiable human need such
> as food, warmth, or exercise–for example, a low cell temperature
> at night combined with a failure to issue blankets. . . . To say that
> some prison conditions may interact in this fashion is a far cry
> from saying that all prison conditions are a seamless web for
> Eighth Amendment purposes.  Nothing so amorphous as "overall
> conditions" can rise to the level of cruel and unusual punishment
> when no specific deprivation of a single human need exists.

13   501 U.S. 294, 304-05 (1991) (emphasis in original).

14          In his second amended complaint, plaintiff describes the overcrowding generally

15   and describes his fears of violence, but he does not suggest, for example, that the use of the day

16   room as a dormitory has deprived him of exercise or that the strain placed on the toilet facilities

17   has caused sanitation problems.  Moreover, this pleading, which is not on the court's form, does

18   not name any defendants.

19          The court has determined that the second amended complaint does not contain a

20   short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules

21   adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

22   claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir.

23   1984).  Plaintiff must allege with at least some degree of particularity overt acts which

24   defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply

25   with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be

26   dismissed.  The court will, however, grant leave to file a third amended complaint.

1          If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate

2   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

3   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint

4   must allege in specific terms how each named defendant is involved.  There can be no liability

5   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

6   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

7   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

8   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

9   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11   order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an

12   amended complaint be complete in itself without reference to any prior pleading.  This is

13   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the

15   original pleading no longer serves any function in the case.  Therefore, in a third amended

16   complaint, as in an original complaint, each claim and the involvement of each defendant must

17   be sufficiently alleged.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's second amended complaint is dismissed;

20          2.  Within thirty days from the date of this order, plaintiff shall return an

21   original and one copy of the third amended complaint to the court.  This third amended

22   complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil

23   Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket

24   number assigned this case and must be labeled "Third Amended Complaint"; failure to file a

25   third amended complaint in accordance with this order will result in a recommendation that this

26   action be dismissed; and

1         3.  The Clerk of the Court is directed to send plaintiff the form for a civil rights

2    action by a prisoner.

3    DATED:  January 21, 2009.

4                               _____

5                               U.S. MAGISTRATE JUDGE

6

7

8    2
   wimb2312.14am

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26